IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 2:12-CV-58-FL

| | | |
|---|---|---|
| JOHN MICHAEL ROBINSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 22, 23).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb, issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely filed objections to the M&R. The issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") on May 27, 2009, alleging that he became unable to work on January 2, 2009. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

relevant time period in a decision dated February 23, 2011. Plaintiff's request for review was denied by the Appeals Council ("AC"), on June 18, 2012. Plaintiff filed complaint in the Eastern District of North Carolina on August 20, 2012, for review of the final administrative decision.

**DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation.  At step one, the ALJ found that plaintiff was not engaged in gainful employment.  At step two, the ALJ found that plaintiff had the following severe impairments: left shoulder osteoarthritis and impingement, attention deficit hyperactivity disorder, borderline intellectual functioning, and obesity.  However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations.  Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work.  Specifically, the ALJ found plaintiff is unable to climb ladders, ropes, or scaffolds; is unable to push, pull, or reach with his left upper extremity; is limited to use of his right dominant upper extremity; can frequently climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; and

3

is limited to simple, unskilled work. At step four, the ALJ determined that plaintiff could not perform any of his past relevant work. At step five, based on the testimony of a vocational expert ("VE"), the ALJ found there were jobs which existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ determined that plaintiff was not disabled.

B.     Analysis

Plaintiff raises one objection to the M&R, contending that it improperly recommends finding that the ALJ did not err in limiting his counsel's cross-examination of the VE. For reasons given in the M&R, this objection is overruled. As noted therein, plaintiff's counsel asked the VE "[f]rom [plaintiff's] testimony, what limitations or symptoms did you find based on your experience and expertise as being limiting, vocationally limiting factors or limitations?" R. 54. When discussing the propriety of his question with the ALJ, plaintiff's counsel stated that the VE was "an expert" and that the "heart of her expertise" was her ability to "identify from the [plaintiff's] testimony . . . which factors and limitations to which he has testified to would limit the performance of any work." R. 54. He further explained that he was "just asking [the VE] to use her expertise and identify vocationally limiting symptoms." R. 55. The ALJ did not allow this question.

As set forth in the M&R, plaintiff's counsel missed the mark in his description of the VE's expertise and role. "Vocational experts are not experts in [medicine] who are qualified to render opinions on how the claimant's ailments might be reflected in his capabilities; rather, they are employment experts who know the mental and physical demands of different types of work. Fisher v. Barnhart, 181 F. App'x 359, 365 (4th Cir. 2006). It is the role of the ALJ, not the VE, to determine a claimant's limitations. 20 C.F.R. § 404.1546(c); see also Eiker v. Astrue, CIV.A.

4

CBD-11-3584, 2013 WL 2149755, at *12 (D. Md. May 15, 2013) ("It is the ALJ's role to translate the claimant's medical impairments into functional limitations from which the vocational expert can determine whether work is available."); Smith v. Sullivan, 733 F. Supp. 450, 452 (D.D.C. 1990) ("[A]s a practical matter, a recitation of the claimant's various physical impairments is not going to be nearly as useful to the vocational expert as the ALJ's specific finding of what are the claimant's actual disabling limitations arising from the physical impairments."). The role of the VE is to then take those limitations as found by the ALJ and determine whether, in light of those limitations, jobs exist which plaintiff can perform. Poteat v. Shalala, 909 F. Supp. 340, 344 (M.D.N.C. 1995). Accordingly, plaintiff's objection is overruled

Plaintiff, citing Harris v. Matthews, 430 F. Supp. 1335, 1340 (D. Md. 1977) correctly notes that a claimant should be granted "wide latitude in cross-examination." Id. While this is true, this does not alter the court's conclusion that the prohibited cross-examination was outside the scope of even that wide latitude. Indeed, Harris itself shows that questioning to the VE should properly be limited. In Harris, the ALJ did not allow Harris's representative at the administrative hearing to ask the VE the following question: "If the Claimant came to you in your capacity as a private counselor, how would you go about counseling him?" Id. The ALJ in explained that the VE's role was to testify in response to "varying assumptions posed by you and by me with respect to the Claimant's residual functional capacity." Id. The court concluded that there was no abuse of discretion by the ALJ in not allowing this question. Id.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been

5

filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the M&R in full, DENIES plaintiff's motion for judgment on the pleadings (DE 22), GRANTS defendant's motion for judgment on the pleadings (DE 23), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 30th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge